UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 08-81228-CIV-COHN/WHITE

JUAN BANNISTER,

      Petitioner,

v.

UNITED STATES OF AMERICA,

      Respondent.
_____/

### ORDER DENYING PETITIONER'S RULE 60(d)(1) MOTION

**THIS CAUSE** is before the Court upon Petitioner Juan Bannister's Application Pursuant to Fed. R. Civ. P. 60(d)(1) to Challenge Judgment Denying Extension of Time to file C.O.A. [DE 38] ("Motion"). The Court has carefully considered the Motion and the record in this case, and is otherwise fully advised in the premises.

On October 30, 2009, the Court entered its Order Adopting Report of United States Magistrate Judge [DE 28], dismissing Mr. Bannister's Motion to Vacate Pursuant to 28 U.S.C. § 2255 [DE 1]. Thereafter, the Court granted Mr. Bannister's first request for an extension of time to file his Certificate of Appealability [DE 30]. When Mr. Bannister requested a second extension of time [DE 31], the Court entered its February 2, 2010 Order [DE 32] denying the request and stating that other than "the fact that the institution where Mr. Bannister is incarcerated is on 'lock down . . . the Motion fails to explain[] why . . . Mr. Bannister has not been able to prepare a Motion for Certificate of Appealability in the significant amount of time which has lapsed since October 30, 2009." DE 32 at 1.

One year later, after an even larger amount of time had elapsed, Mr. Bannister filed his first Rule 60 Motion [DE 35] requesting that the Court reopen his case, vacate

its February 2, 2010 Order, and allow Mr. Bannister to file a Certificate of Appealability, pursuant to Federal Rule of Civil Procedure 60(b)(1).  DE 35 at 3.  The Court denied that motion on February 2, 2011 [DE 36].

Now, after another five months have passed, Mr. Bannister once again requests relief from the Court's February 2, 2010 Order.  This time, Mr. Bannister brings his request pursuant to Federal Rule of Civil Procedure 60(d)(1).  Rule 60(d)(1) provides that Rule 60 "does not limit a court's power to . . . entertain an independent action to relieve a party from a judgment, order, or proceeding."  Fed. R. Civ. P. 60(d)(1).  However, this is not an independent action.  Mr. Bannister's request actually falls under Rule 60(b), and as the Court ruled in its February 2, 2011 Order, Mr. Bannister has not made the requisite showing to obtain relief under Rule 60(b).  See DE 36.  Accordingly, it is hereby

**ORDERED AND ADJUDGED** that Petitioner Juan Bannister's Application Pursuant to Fed. R. Civ. P. 60(d)(1) to Challenge Judgment Denying Extension of Time to file C.O.A. [DE 38] is **DENIED**.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 15th day of July, 2011

JAMES I. COHN
United States District Judge

Copies provided to:
Counsel of record via CM/ECF

Juan Bannister, *pro se*
Reg. No. 72514-004
USP - Coleman I
United States Penitentiary
Inmate Mail/Parcels
P.O. Box 1033
Coleman, FL 33521